IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2160-FL

| | | |
|---|---|---|
| EDGAR ARELLANO SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORA HUNT and IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Respondents. | ) | |

The matter now is before the court on respondents' respective motions for summary judgment (DE 10) and motion to dismiss (DE 16). Petitioner responded to the motion for summary judgment, but did not respond to the motion to dismiss. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondents' respective motions.

**STATEMENT OF THE CASE**

Petitioner, a state inmate incarcerated at Columbus Correctional Institution, pleaded guilty in the Durham County Superior Court to second-degree murder and was sentenced to 94-122 months imprisonment. (Resp't's Appx. (DE 12), Ex. 2). On December 14, 2016, the United States Department of Homeland Security United States Immigration and Customs Enforcement ("ICE") issued an immigration detainer. (Id. Ex. 3). The detainer provided petitioner notice of ICE's intent to assume custody of petitioner after petitioner's release from incarceration because petitioner may be subject to removal from the United States under federal immigration law. (Id. Ex. 3).

In the interim, and prior to the issuance of petitioner's detainer, petitioner filed the instant petition for a writ of habeas corpus *pro se* raising claims pursuant to 28 U.S.C. § 2254 challenging his state court conviction, and pursuant to 28 U.S.C. § 2241 challenging his immigration detainer. Petitioner named Nora Hunt (the "State respondent") and ICE (the "federal respondent") as respondents in this action. In his petition, petitioner alleged the following claims: (1) violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the right to a Speedy Trial pursuant to the Sixth Amendment to the United States Constitution because the ICE detainer has been in place for two years without resolution; (2) violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because the ICE detainer rendered him ineligible for promotion to minimum custody, work release, family visits, educational programs, career opportunities, and extra-curricular activities; and (3) ineffective assistance of counsel because his attorney failed to advise him of the immigration-related collateral consequences of his guilty plea.

On December 16, 2016, the State respondent filed the instant motion for summary judgment. The State respondent first argued that the instant action should be transferred to the United States District Court for the Middle District of North Carolina pursuant to an inter-jurisdictional agreement. The State respondent additionally argued that petitioner's claims are without merit and that petitioner failed to exhaust his state court remedies prior to filing the instant action.[1] The motion was fully briefed.

---

[1] The State respondent asserts that petitioner failed to exhaust his North Carolina State court remedies prior to bringing this action. The court, however, finds it appropriate to proceed on the merits pursuant to 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State."

On December 22, 2016, the federal respondent filed the instant motion to dismiss. The federal respondent moved to dismiss petitioner's first claim for lack of subject matter jurisdiction. As for petitioner's second and third claims, the federal respondent states that such claims related to the execution of and validity of petitioner's state conviction. Accordingly, the federal respondent defers to the State respondent's arguments as to petitioner's remaining two claims. Petitioner did not respond to the federal respondent's motion.

## DISCUSSION

A.  Standards of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of

3

subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

As for respondent's motion to dismiss pursuant to Rule 12(b)(6), a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v.

Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted). On a motion to dismiss, courts "may properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

B.   Analysis

1.   Speedy Trial

The court first addresses petitioner's challenge to his ICE detainer on speedy trial and due process grounds. The federal respondent moved to dismiss this claim for lack of subject matter jurisdiction. Federal jurisdiction over a petition for a writ of habeas corpus exists only for persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2241(c). Petitioner currently is in custody pursuant to his North Carolina State criminal sentence, and the presence of an ICE detainer does not affect his status as a sentenced state offender. See United States v. Rodriguez-Amaya, 521 F.3d 437, 441 (4th Cir. 2008) ("[I]n agreement with every other circuit to have considered the issue, that the Speedy Trial Act does not apply to civil detention generally, and to ICE administrative detention specifically."); Ogunde v. Holder, C/A No. 1:13cv484 (JCC), 2013 WL 5504417, at *2 (E.D. Va. Oct. 1, 2013) ("[A]n immigration detainer does not subject a prisoner to [ICE] custody."), appeal dismissed, 563 F. App'x 237 (4th Cir. 2014); 8 C.F.R. § 239.1(a). Rather, "[the detainer] merely notifies prison officials that a decision regarding his deportation will be made . . . at some future date." Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988).

Here, petitioner is not in ICE custody. As a result, he cannot meet the "in custody" requirement necessary to challenge his immigration detainer pursuant to § 2241. See 28 U.S.C. § 2241(c); Sewell v. Stephens, C/A No. 5:10–HC–2247–FL, 2011 WL 2746122, at *1 n* (E.D.N.C. July 13, 2011) ("An ICE detainer, without more, does not satisfy § 2241's 'in custody' requirement."); see also Richard v. Immigration and Naturalization Servs., C/A No. 0:11–1508–JFA–PJG, 2011 WL 5876916, at *1 (D.S.C. Nov.22, 2011) (holding that a challenge to an ICE detainer based on prisoner's inability to make bond was subject to summary dismissal because "the lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241"). Thus, the court GRANTS the federal respondent's motion to dismiss petitioner's first claim for lack of subject matter jurisdiction.

2. Due Process or Equal Protection

The State respondent moved for summary judgment as to petitioner's due process and equal protection claims related to the pending ICE detainer. To the extent petitioner challenges his ICE detainer on the grounds that it makes him ineligible for family visits, educational programs, career opportunities, or extra-circular activities, habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of his confinement must bring his claims pursuant to 42 U.S.C. § 1983 (if a state inmate) or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (if a federal inmate). Id.; see Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008); Winslow v. Samberg, No. 86-7603, 1986 WL 18055, at *2 (4th Cir. 1986) ("To determine whether a claim is cognizable as a habeas corpus action or under § 1983, it is necessary to review whether the challenge is to the fact or the duration of a prisoner's confinement, or whether

6

it is a challenge to the conditions of confinement."). Based upon the foregoing, petitioner may not proceed with any claims challenging his conditions of confinement pursuant to 28 U.S.C. §§ 2241 or 2254. See id.

To the extent petitioner contends that his ICE detainer makes him ineligible for certain North Carolina State prison programs or opportunities which would shorten the length of his sentence, he cannot prevail because inmates do not have a protected liberty interest in a particular custody classification, work release, or to participate in educational programs. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (determining that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (concluding that discretionary determinations regarding conditions of confinement such as custody classification do not create due process rights). Based upon the foregoing, petitioner's allegations are insufficient to confer habeas jurisdiction for this claim.

Finally, the court addresses petitioner's contention that his equal protection rights are being violated because he is unable to participate in the aforementioned North Carolina State prison programs. To demonstrate a violation of his equal protection rights, the petitioner must show that he has been treated differently from similarly-situated inmates and that the disparity in treatment is not rationally related to a legitimate governmental interest. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989). Generally, the exclusion of prisoners with ICE detainers from eligibility for sentence reduction programs does not violate equal protection rights. See McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999) ("We do hold . . . that excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from

fleeing detainers while participating in community treatment programs. Therefore, the detainer exclusion survives rational basis review."); Garcon v. Cruz, No. 6:14-4332-RMG, 2015 WL 4557146, at *5 (D.S.C. July 28, 2015) ("The exclusion of prisoners with ICE detainers from eligibility for a sentence reduction that is contingent upon completion of a community-based substance treatment program does not violate equal protection rights."); Galvez v. United States, No. DKC 10-0128, 2013 WL 823150, at *3 (D. Md. Mar. 5, 2013) ("[N]o court has held that the Equal Protection Clause is violated by the Bureau of Prisons treating those with detainers—due to their status as illegal aliens or otherwise—differently for purposes of programming eligibility."). Based upon the foregoing, the State respondent's motion for summary judgment is GRANTED as to this claim.

  3. Ineffective Assistance of Counsel

Petitioner asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment because trial counsel failed to advise of the collateral consequences related to deportation proceedings before petitioner accepted the guilty plea. The State respondent moved for summary judgment as to this claim.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel at trial and on direct appeal. See, e.g., Roe v. Flores-Ortega, 528 U.S. 470, 476–77 (2000); Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of trial counsel, a habeas petitioner must establish two things. First, a petitioner must show that the counsel's performance was deficient, in that it was objectively unreasonable under prevailing professional norms. See Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam); Strickland, 466 U.S. at 687–91. In reviewing this element, a court must be "highly deferential" toward counsel's

performance and must make every effort to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The court must therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.; see Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). Second, a petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

Where, as here, the petitioner entered a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). The court must objectively assess "the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner has failed to make the requisite showing in this action. Contrary to petitioner's conclusory assertions, the record demonstrates that he entered into a plea agreement which specifically notified him of the possibility of deportation. (Resp't's Appx. (DE 12), Ex. ) (plea transcript). Further, the judgment specifically provided the following: "Defendant shall be turned over to INS after service of his active sentence." (Resp't's Appx. (DE 12), Ex. 1 and Ex. 2, p. 2). Accordingly, counsel did not perform deficiently, and petitioner has not satisfied the prejudice requirement. As a result, the State respondent's motion for summary judgment is GRANTED as to this claim.

4. New Claims

Petitioner alleges several conclusory allegations in response to the State respondent's motion for summary judgment. Petitioner also references his motion for appropriate relief. However, there is no evidence in the record that petitioner filed a motion for appropriate relief. To the extent any new claims are separate from the claims discussed supra, they constitute nothing more than conclusory allegations which do not entitle a habeas petitioner to an evidentiary hearing. Jones v. Polk, 401 F.3d 257, 270-271 (4th Cir. 2005); see also, Miles v. Owen, No. 4:12–998–MGL, 2013 WL 227766, at *2 (D.S.C. Jan. 22, 2013) ("The Court . . . declines to address Petitioner's new claims which he raises for the first time in his response and sur-reply. To the extent that Petitioner's response in opposition to the motion to dismiss presents issues and claims not contained in his Petition, these claims are not properly before the court.") Thus, any new claims asserted in petitioner's responsive pleading are not properly before the court and have not been considered. As a result, such claims are DISMISSED without prejudice.

5. Certificate of Appealability

The court now determines whether petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been

adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, __U.S.__, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondents' respective motion for summary judgment (DE 10) and motion to dismiss (DE 16) are GRANTED. Any new claims raised in response to the State respondent's motion for summary judgment are DISMISSED without prejudice. The court denies a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 27th day of June, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge